TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KEVIN B. REIDY (Cal. Bar No. 320583)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8536
    Facsimile: (213) 894-0141
    E-mail:   kevin.reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00344-DMG-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT KAREN MEKTERYAN |
| v. | |
| KAREN MEKTERYAN, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kevin Reidy, hereby files its Sentencing Position Regarding Defendant Karen Mekteryan.

///

///

This position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and such further evidence and argument as the Court may permit.

Dated: October 1, 2021               Respectfully submitted,

                                     TRACY L. WILKISON
                                     Acting United States Attorney

                                     SCOTT M. GARRINGER
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                          /s/
                                     KEVIN B. REIDY
                                     Assistant United States Attorney

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Karen Mekteryan ("defendant") pleaded guilty to one count of access device fraud in excess of $1,000, in violation of 18 U.S.C. §§ 1029(a)(5), (h).  (Dkt. 58.)  The United States Probation and Pre-Trial Services Office ("USPO") has filed its Presentence Investigation Report ("PSR"), calculating the total offense level as 17 and placing defendant in criminal history category I.  The government agrees with the USPO's criminal history category analysis but respectfully disagrees with its calculation of the total offense level in this case.  Specifically, the government believes that the two-point enhancement under U.S.S.G. § 2B1.1(b)(10)(B) does not apply because defendant did not plead guilty to a crime that included a fraudulent scheme as an element of the offense.

The government instead submits that defendant's total offense level is 15.  With a criminal history category of I, defendant's resulting Guidelines range is 18-24 months' imprisonment.

Based on the record as a whole and the factors set forth in 18 U.S.C. § 3553(a), the government recommends that the Court impose a sentence of 24 months' imprisonment, two years of supervised release, and a mandatory special assessment of $100.

**II.  THE OFFENSE CONDUCT**

On July 19, 2019, and July 23, 2019, defendant and his co-defendant, Ani Hunanyan, went into a number of luxury good stores in Paris, France, and the Principality of Monaco and purchased luxury items using credit cards issued to other individuals.  (Dkt. 58; Dkt. 96.)  Specifically, defendant used an American Express Business credit card with an account number ending in 3008 belonging to H.T.,

knowingly and with intent to defraud, to purchase luxury watches and bracelets.  (Dkt. 96 at 3.)  On July 23, 2021, defendant used an American Express Business credit card with an account number ending in 5018 belonging to A.S., knowingly and with intent to defraud, to purchase two Rolex watches.  (Id. at 3-4.)

**III. GUIDELINE CALCULATIONS**

    **A.    The USPO's Guideline Calculations**

In the PSR, the USPO determined that the base offense level is 6 under U.S.S.G. § 2B1.1(a)(1).  (Dkt. 81 ¶ 24.)  Because it found that defendant obtained more than $250,000 but less than $550,000 from his offenses, the USPO applied a twelve-level increase under U.S.S.G. § 2B1.1(b)(1)(G).  (Id. ¶ 25.)  The USPO also applied a two-level increase under U.S.S.G. § 2B1.1(b)(10)(B) based on its conclusion that defendant participated in a fraudulent scheme, a substantial part of which was committed from outside the United States. (Id. ¶ 26.)  After reducing defendant's offense level by three for acceptance of responsibility, the USPO concluded that his total offense level is 17.  (Id. ¶¶ 32-34.)

The USPO further determined that defendant has zero criminal history points and falls within Criminal History Category I. (Id. ¶¶ 36-41.)  Based on a total offense level of 17 and a Criminal History Category of I, the applicable Guidelines range in the PSR is 24 to 30 months.  (Id. ¶ 74.)

The government agrees with the USPO's calculation of the base offense level of 6, the twelve-level enhancement for loss amount, and that defendant should receive a three-level reduction for acceptance of responsibility.  However, the government respectfully maintains

2

that the two-level enhancement for conducting the substantial part of a fraudulent scheme outside the United States does not apply.

**B.      The Government's Guideline Calculations**

     1.    <u>The Government's Offense Level Analysis</u>

Pursuant to the terms of the plea agreement (Dkt. 58 ¶ 13), the government calculates defendant's offense level as follows:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss $250,000-$550,000 | +12 | U.S.S.G. § 2B1.1(b)(1)(G) |
| Acceptance of Resp. | <u>-3</u> | U.S.S.G. § 3E1.1(a), (b) |
| Total Offense Level: | 15 | |

     2.    <u>The Fraudulent Scheme Outside the United States Enhancement Does Not Apply</u>

The Sentencing Guidelines provide for a two-level enhancement for offenses in which "a substantial part of a fraudulent scheme was committed from outside the United States." U.S.S.G. § 2B1.1(b)(10)(B). By its terms, this enhancement appears to apply only to crimes of conviction that include a fraud scheme as an element of the offense. <u>See, e.g.</u>, <u>United States v. Lawrence</u>, 189 F.3d 838, 846 (9th Cir. 1999) (interpreting language in federal restitution statute defining a victim as a person "harmed by the defendant's criminal conduct in the course of a scheme" as only applying "when the crime of conviction includes a scheme . . . as an element of the offense"). Because defendant pleaded guilty to a crime that did not require proof of a scheme as an element, this enhancement does not apply here. <u>See</u> 18 U.S.C. 1029(a)(5) ("Whoever knowingly, and with intent to defraud, effects transactions, with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during any 1-year period

the aggregate value of which is equal to or greater than $1,000, shall . . . be punished as provided in subsection (c).").

## IV. SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of 24 months' imprisonment, followed by a two-year period of supervised release, and a mandatory special assessment of $100.

The underlying criminal conduct was serious. Defendant and his co-defendant traveled to Europe to engage in fraudulent transactions to purchase expensive luxury goods using credit cards belonging to other persons. Their decision to commit these offenses abroad complicated law enforcement's efforts to bring them to justice. Were it not for extensive (and time-consuming) cooperation among authorities in France, Monaco, and the United States, defendant and his co-defendant may have evaded arrest entirely and avoided the consequences of their actions.

No additional time in custody is necessary. Defendant has accepted responsibility for his crimes and, commendably, paid restitution to the victim before sentencing. Defendant has no significant criminal history prior to this offense. The government hopes that the recommended short custodial term will specifically deter defendant from any further criminal activity in the future.

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of: (1) 24 months' imprisonment; (2) a two-year period of supervised release; and (3) a mandatory special assessment of $100.